# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA SANTOYO, | ) 1:07cv937 DLB </br> ) </br> ) </br> ) ORDER GRANTING DEFENDANTS' </br> ) MOTION TO DISMISS CLAIM </br> ) FOR CIVIL PENALTIES </br> ) </br> ) (Document 23) </br> ) </br> ) </br> ) </br> ) |
| Plaintiff, | |
| v. | |
| KRAFT ROODS GLOBAL, INC., et al., | |
| Defendants. | |

Defendants Kraft Foods Global, Inc., Kraft Choice Short-Term Disability Plan, and Kraft Choice Long-Term Disability Plan (collectively "Defendants") filed the instant motion to dismiss Plaintiff Olga Santoyo's claim for civil penalties under the Employee Retirement Income Security Act of 1974 ("ERISA") on December 20, 2007. The matter was heard on February 15, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. W. Rod McClelland appeared on behalf of Plaintiff. Jesse Maddox appeared on behalf of Defendants.

## **PROCEDURAL BACKGROUND**

Defendants removed this action from Fresno County Superior Court on June 28, 2007, based on this Court's diversity and federal question jurisdiction. On November 16, 2007, in response to Defendants' motion for partial judgment on the pleadings, Plaintiff filed a First Amended Complaint ("FAC"),[1] alleging causes of action under ERISA.

---

[1] The FAC replaced the state law claims with ERISA claims and replaced certain Defendants.

1

Defendants filed this motion to dismiss on December 20, 2007, and seek to dismiss Plaintiff's claim for civil penalties under ERISA.

## ALLEGATIONS IN THE FAC

According to the FAC, Plaintiff was a participant in Defendants' Short-Term Disability Plan ("STD Plan") and Long-Term Disability Plan ("LTD Plan"). She alleges that CNA Insurance was the third party administrator for the Plans, and that she was entitled to receive benefits under the STD Plan beginning in or about August 2003, for 26 weeks. She alleges that she was entitled to receive LTD Plan benefits from the ending of her STD Plan Benefits until her 65th birthday.

Plaintiff alleges that she became disabled in or about July 2003 and applied for STD Plan benefits on August 5, 2003, for disability due to abdominal pain secondary to radiation therapy and adhesions. By letter dated August 29, 2003, the STD Plan denied benefits. In this regard, Plaintiff argues that Defendants improperly applied the 1999 ERISA requirements to her 2003 claim for disability. Plaintiff made a previous claim in 1999.[2]

Plaintiff appealed the decision by letter dated November 23, 2003. The appeal was denied on December 30, 2003. Plaintiff sent a written request to Defendants for information on January 20, 2004. She alleges that Defendants failed to respond to this request within the required 30 days, and instead provided the requested information on October 16, 2007.

Plaintiff contends that Defendants arbitrarily and capriciously refused to open and evaluate her disability benefits and refused to submit her claim to a proper medical professional for evaluation. She also contends that these actions were abuses of discretion and contrary to the terms of the STD Plan. Plaintiff faults Defendants for treating her 2003 claim for radiation therapy and adhesions the same as her claim for cancer. Plaintiff further contends that she is exempt from the provision requiring qualification for Social Security Benefits.

---

[2] According to Defendants, Plaintiff was diagnosed with cancer in June 1999. She successfully received STD and LTD benefits from October 1999 through June 2002. In June 2002, she no longer qualified for LTD benefits because the LTD Plan requires participants to qualify for Social Security Disability Benefits after 30 months of receiving LTD benefits. Plaintiff had not done so.

1     Plaintiff therefore requests declaratory relief and payment of benefits, as well as a

2 statutory penalty of $110 per day, for 1366 days (January 20, 2004 to October 16, 2007),

3 pursuant to 29 U.S.C. § 1132(c).

**LEGAL STANDARD**

5     Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may

6 be granted if the cause of action lacks a cognizable legal theory or there is an absence of

7 sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901

8 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the

9 court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex

10 Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

11 the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v.

12 McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), Parks School of Business, Inc.

13 v. Symington, 51 F.3d 1480 1484 (9th Cir. 1995). A motion to dismiss for failure to state a

14 claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts

15 in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S.

16 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt

17 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

**DISCUSSION**

19     Defendants request dismissal of Plaintiff's claim for civil penalties based on failure to

20 state a claim and the expiration of the statute of limitation.

21     Defendants first argue that the penalty claim must be dismissed because the document

22 referenced in the FAC is not a request for information. Plaintiff relies on a January 20, 2004,

23 letter, as her request for information. Her FAC alleges that "on or about January 20, 2004, she

24 submitted written requests to Defendants for information regarding eligibility, medical

25 professionals who had assisted in the denial of her claim, plan information and clarification of

26 Plaintiff's rights and benefits under the Plan." FAC, ¶ 27. She further alleges that "Defendants

27 provided the Plaintiff with the requested Short-Term and Long-Term Disability Benefits

28

Summary Plan Description; Kraft Administrative Committee's records regarding Plaintiff's denial of benefits; and a copy of records maintained by CNA on October 16, 2007."

Although the Court has discretion to award penalties against a plan administrator pursuant to 29 U.S.C. § 1132(c), a penalty cannot be assessed in the absence of an actual request for information by a participant to the plan administrator. See Williams v. Caterpillar, 720 F.Supp.148, 153 (N.D.Cal. 1989) ("Plaintiffs offer no proof that they made such a request, nor do they even allege it.")

As Defendants suggest, the January 20, 2004, letter does not appear to be a request for information as envisioned by the statute. However, whether the letter is a proper request is not a proper analysis and/or basis for dismissal under Rule 12(b)(6) because there appears to be factual issues involved. Nonetheless, assuming for purposes of this motion that the letter is a proper request, the pivotal issue is whether the claim is barred by the statute of limitation.

29 U.S.C. section 1132(c) does not contain a statute of limitations. The Court must therefore apply the most analogous statute of limitation under state law. Felton v. Unisource Corp., 940 F.2d 503, 510 (9th Cir.1991). The Ninth Circuit has determined that California Code of Civil Procedure section 338(a), which provides for a three year limitations period for "An action upon a liability created by statute, other than a penalty or forfeiture" applies to actions for civil penalties under Section 1132(a). In Stone v. Travelers Corp., 58 F.3d 434, 438-439 (9th Cir. 1995), the Ninth Circuit explained that Section 1132(a) is not a "penalty or forfeiture" for purposes of California limitation, "but is instead a remedy sought by an individual as compensation to address a private wrong." Id. at 439. The Court therefore found that the three year limitation period in California Code of Civil Procedure section 338(a) applies rather than the one year limitation period set forth in California Code of Civil Procedure section 340(a). Id.

Applying the three year statute of limitation to Plaintiff's claim, her claim for civil penalties should have been filed within three years after the thirty day period for a response expired. Plaintiff's letter was dated January 20, 2004, making a response due by approximately February 19, 2004. Her claim for civil penalties, then, should have been filed prior to February 19, 2007. Plaintiff did not file her FAC, which was the first time she raised the civil penalties

claim, until November 16, 2007. Similarly, she did not file the state action from which this action was removed until May 2007. Her claim for civil penalties pursuant to Section 1132(a) is therefore barred by the applicable statute of limitation.

Plaintiff attempts to avoid this result by suggesting that the cause of action accrued at a later date, i.e., when she learned of the availability of the cause of action. Plaintiff cites to the history of events relating to the administration of Plaintiff's claim in contending that the Court should apply a different accrual date. However, regardless of the difficulties Plaintiff alleges in administering her claim, a cause of action accrues under federal law when the plaintiff knows or has reason to know of the injury which is the basis of the action. See Tworivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In other words, the claim accrues when Plaintiff knew or should have known of the underlying factual premise that gave rise to her claim, which in this case includes the request for information and the alleged failure to respond. Plaintiff's knowledge of the legal remedy is not relevant to the accrual of claim. See eg. United States v. Kubrick, 444 U.S. 111, 118-125 (1979) (a claim accrues under 28 U.S.C. § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute malpractice). Plaintiff's attempt to delay accrual based on her discovery of the legal remedy therefore fails.

**ORDER**

Based on the above discussion, the Court finds that Plaintiff's claim for civil penalties pursuant to 29 U.S.C. section 1132(a) is barred by the applicable statute of limitations and must be DISMISSED.

IT IS SO ORDERED.

Dated:   **February 25, 2008**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE