UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA SANTOYO, | 1:07cv00937 DLB |
| | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| Plaintiff, | Discovery Deadline: July 31, 2008 |
| v. | Non-Dispositive Motion Deadlines: Filing: September 3, 2008 |
| KRAFT FOODS GLOBAL, INC., et al. | Hearing: September 26, 2008 |
| Defendants. | Pre-Trial Conference: October 17, 2008, at 1:30 p.m. Courtroom 9 |
| | Trial: December 1, 2008, at 9:00 a.m. Courtroom 9  CT  1- 2 days |

**I.     Date of Scheduling Conference**

March 31, 2008.

**II.    Appearances of Counsel**

W. Rod McClelland appeared on behalf of Plaintiff.

Jesse J. Maddox appeared on behalf of Defendants.

1

### III. **The Pleadings**

    A.    Summary of the Pleadings

<u>Plaintiff's Factual and Legal Contentions.</u>

Plaintiff began employment with CAPRI-SUN, INC.; KRAFT FOODS NORTH AMERICA, INC; KRAFT FOODS, INC. (hereinafter collectively referred to as "EMPLOYER") in 1999 as a machine operator in Fresno, California. Plaintiff's employment with Employer continued until her involuntary termination on January 13, 2006.

Plaintiff was diagnosed with cancer in June of 1999.

CNA Insurance was the third party administrator for Defendants' short-term disability plan and long-term disability plan. Plaintiff was a participant as that term is defined by 29 USC Section 1000(7), in the short-term disability plan (STD Plan) and thereby entitled to receive benefits for short-term disability beginning in or about August 2003 for 26 weeks under the STD Plan. Plaintiff was a beneficiary because she was a full-time hourly employee of Kraft and a member of a participating group.

Plaintiff was also a participant as that term is defined in 29 USC Section 1000(7) in the Kraft Choice long-term disability plan (LTD Plan) and thereby entitled to receive benefits for long-term disability from the ending of her short term disability benefits until her 65th birthday, under the LTD Plan. Plaintiff was a beneficiary because she was a full time hourly employee of Kraft and a member of a participating group. Furthermore she paid the required premium for the coverage. The STD Plan and the LTD is an Employee Welfare Benefit Plan organized and operating under the provisions of ERISA, 29 USC Section 1001, et seq.

The LTD Plan provides for long-term disability benefits for eligible employees, as well as Plaintiff herein, could potentially continue until normal retirement age of 65 years. In order to be eligible for benefits under the plan, an employee must meet the plan's definition of disability. The STD Plan and the LTD Plan define disability, as follows:

> Total "disability means that during the disability period, injury or sickness caused a physical or mental impairment. Injury is a bodily injury caused by an accident, which results in disability, directly and independently of all other causes, while your coverage is in effect. Sickness means illness or disease causing a disability, which occurs while your coverage is in effect".

Plaintiff was employed by Kraft as a machine operator. Plaintiff became disabled in or about July 2003. Plaintiff remained disabled through the elimination period provided for in the STD Plan and the LTD Plan. Plaintiff applied for short-term disability (STD) benefits from the plan on August 5, 2003, for disability due to abdominal pain secondary to radiation therapy and adhesion. By letter dated August 29, 2003, the Plan denied Plaintiff STD benefits and Kraft improperly applied the 1999 ERISA requirement to Plaintiff's new 2003 claim for disability. Plaintiff's 2003 claim falls under different guidelines than her original 1999 claim. By letter dated November 23, 2003, Plaintiff appealed the decision to deny her STD benefits. By letter dated December 30, 2003, the Plan denied Plaintiff's appeal and notified her that she had exhausted her administrative remedies.

At all relevant times, Plaintiff was an employee covered under the terms of the Plan and entitled to short term and long terms benefits from the Plan under the terms of the Plan. Plaintiff has exhausted all administrative remedies required by her to be exhausted, even though the Plan administrator improperly refused to open a second claim and applied ERISA 1999 requirements to a 2003 claim. The Plan's refusal to open and evaluate Plaintiff's disability benefits was arbitrary and capricious, an abuse of discretion, and in violation of the terms of the plan. The Plan's refusal to admit Plaintiff's second claim for disability due to radiation therapy and adhesions to a proper medical professional evaluation was arbitrary and capricious, an abuse of discretion, a violation of the terms of the Plan. As a result, a natural controversy has arisen and now exists between Plaintiff and the STD Plan, on one hand, and, on the other hand, with respect to whether Plaintiff is entitled to long term disability benefits under the terms of the LTD Plan. Plaintiff contends she is entitled to benefits under the terms of the Plan for short-term

disability benefits and for long-term disability benefits because Plaintiff met the definition of disability under the STD and LTD Plan and that Plaintiff was a covered employee. Defendant is judicially and collaterally estopped to deny that Plaintiff is totally disabled under the Plan because:

1. Defendants improperly applied an ERISA requirement to Plaintiff's 2003 claim, in violation of 29 C.F.R. Section 2560.503-1(h)(3)(iii) and (v) which state that a named fiduciary citing an appeal of a health benefit claim that was denied, in whole or in part, based on medical judgment must consult with a "health care professional" who has appropriate training and experience in the field of medicine involved in the medical judgment.

2. Defendants adjusted Plaintiff's claim for disability for radiation therapy and adhesions as if the claim was the same claim for her cancer.

3. Defendants based denial of benefits upon the fact that she did not legally qualify for social security benefits because she had not worked the required quarters, yet Defendant's told Plaintiff, and continued to sell Plaintiff a policy for long-term disability benefits without advising of the requirements of obtaining social security disability benefits.

Plaintiff contends she is exempt from the provision requiring qualification for social security benefits, because the Plan provides an exemption to members who do not legally qualify for social security benefits because of their age. It is implied that if the Plan makes an exemption for one form of a non-medical qualification requirement for social security that all other forms of non-medical requirements for qualification are also exempt, or participating members of the Plan would be treated differently.

This court is required to review the denial/termination of Plaintiff's short-term and long-term disability benefits with minimal deference to the Plan's determination because:

1. Kraft is the administrator in the funding source for the STD Plan and the LTD Plan, therefore has a conflict of interest;
2. The Plan's medical reviewers, registered nurse, was not medically qualified to determine the medical records and acted improperly with bias; and
3. The Plan failed to comply with ERISA'S procedural requirement regarding benefit claims procedures and full and fair review of benefit claimed denials.

Plaintiff requests this court to determine her rights and declare as to which party's contention is correct, together with a declaration that the Plan is obligated to pay short-term and long-term disability benefits, the terms of the Plan, retroactive to the denial of her benefits, until and unless such time as Plaintiff is no longer eligible for such benefits under the terms of the Plan.

A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoiding multiplicity of actions between the parties and their privities, and promote judicial efficiency.

As a proximate result of the Plan's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the STD and LTD Plans, therefore, pursuant to 29 U.S.C. Section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

On or about January 20, 2004, Plaintiff sent written request to Defendants for information regarding eligibility, medical professionals who had assisted in the denial of her claim, Plan information and clarification of Plaintiff's rights and benefits under the Plan. Defendant failed to respond to Plaintiff's written request of more than 30 days and thus violated 29 U.S.C. Section 1024(b)(4), 1132(c).

Defendants provided the Plaintiff with the requested short-term and long-term disability summary benefit summary plans; Kraft administrative committee's records regarding Plaintiff's claim copy of records maintained by CNA 2007 on October 16, 2007. Plaintiff is entitled to and seeks daily penalties of $110.00 from January 20, 2004 to October 16, 2007.

Plaintiff prays for judgment as follows:

1. For declaratory judgment against Defendant, requiring to pay a short-term disability benefit under the terms of the Kraft Choice short-term disability plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits.

2. For declaratory judgment against Defendant, requiring it to pay long-term disability benefits under the terms of the Kraft Choice Long-Term Disability Plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

3. An award to Plaintiff of prejudgment interest from Plaintiff's claim for disability to radiation therapy and adhesions, until the date of the judgment;

4. An assessment of the statutory penalty provided in 29 U.S.C. Section 1132(c), requiring Defendant to Plaintiff $110.00 a day commencing 1,366 days after the Plaintiff's written request for Plan information was made;

5. An award of Plaintiff's attorney's fees, costs, and other reasonable costs incurred; and

6. All other and further relief as the Court may deem just and proper.

Defendants' Factual and Legal Contentions.

Defendants deny any and all liability whatsoever to Plaintiff. Defendants contend that all of their actions toward Plaintiff were taken in good faith, not for any unlawful reason, not in violation of any agreements, not discriminatory, and not in violation of any statutes. Defendant also raised various affirmative defenses in its Answer To Plaintiff's First Amended Complaint, which are hereby incorporated by this reference.

On November 16, 2007, Plaintiff filed her First Amended Complaint ("FAC"), seeking damages based on Defendants' denial of her request for short and long-term disability benefits while she was employed by Kraft. The FAC also sought civil penalties, but that claim was subsequently dismissed by this Court.

Defendants contend that, in June 1999, Plaintiff was diagnosed with cancer while participating in Defendants' short-term disability ("STD") and long-term disability ("LTD") benefits plans. As a participant in the STD Plan and provided she met eligibility requirements, Plaintiff was entitled to receive 26 weeks of STD benefits. In the event her disability persisted at the end of the 26 week STD benefits period, Plaintiff, as an LTD Plan participant, was entitled to receive LTD benefits until age 65, again, provided she met all eligibility requirements.

Following Plaintiff's diagnosis, the cancer and accompanying treatments caused Plaintiff pain and disabled her to the point where she was unable to perform her job duties with Kraft. Plaintiff successively received STD and LTD benefits from October 1999 to June 2002. In June 2002, she no longer qualified for LTD benefits because she did not qualify for Social Security disability benefits. The LTD Plan required participants to qualify for Social Security disability after 30 months of receiving long-term benefits. This prerequisite was clearly explained in the applicable Summary Plan Description ("SPD") and made known to Plaintiff well before she applied for LTD benefits.

Shortly after cessation of her LTD benefits in June 2002, Plaintiff returned to work. She continued to work until September 2002, when she again left, due to her cancer. As a

result of the length of her return to work between June and September 2002, Plaintiff again qualified for and received STD benefits. She did not return to work until February 2003, despite being authorized by her physician to do so in October 2002.

Plaintiff went on leave again in July 2003 and applied for STD benefits on or about August 5, 2003. In her FAC, Plaintiff alleges for the first time that her July 2003 disability was separate and unrelated to her previous cancer disability, and that it should have been treated as a new claim for disability benefits. Defendants deny that her 2003 condition was a new disability and contend that it was an ongoing medical condition.

Defendants denied Plaintiff's August 2003 claim for STD benefits based, in part, on her inability to produce verification from her physician that she was unable to work. As a result of not being eligible for STD benefits, Plaintiff never applied or was eligible for LTD benefits. She appealed the determination to the Claims Administrator and then to the Plan Administrator. Defendants denied her appeals.

On January 13, 2006, after not working for more than 30 months and not producing any physician's verification of her inability to work, Plaintiff was involuntarily dismissed from her position pursuant to Kraft policy. Defendants provided Plaintiff with the administrative record on October 16, 2007.

      B.    Orders Re Amendment of Pleadings

No amendments are proposed at this time.

**IV.    Factual Summary**

      A.    Admitted Facts which are deemed proven without further proceedings:

           1.    Plaintiff was employed by Defendant for a period of time until the employment ended on or about January 13, 2006.

           2.    Plaintiff was diagnosed with cancer in 1999.

B.  Contested Facts:

1.  Plaintiff contends Defendants were required to pay short-term disability benefits under the terms of the Kraft Choice short-term disability plan to Plaintiff for the period to which she is entitled to such benefits, along with prejudgment interest on all unpaid benefits.

2.  Plaintiff contends that Defendants are required to pay long-term disability benefits under the terms of the Kraft Choice long-term disability plan for the period to which she is entitled to such benefits with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

3.  Plaintiff contends she is entitled to an award of prejudgment interest from Plaintiff's claim for disability due to radiation therapy and adhesions, until the date of the judgment.

4.  Plaintiff contends she is entitled to an award of attorney's fees, court costs, and other reasonable costs incurred.

5.  Plaintiff contends she provided proof of disability as well as medical evidence of a physically disabling impairment, which prevented her from performing the substantial and material duties of her regular occupation.

6.  Plaintiff contends that on or about April 19, 2000, Angela Johnson, Disability Specialist for insurer sent Plaintiff a letter advising her that her claim for benefits for short and long-term disability had been approved for payment.

7. Plaintiff contends that she continually received mixed and confusing messages regarding her eligibility and plan benefits, both in telephone conversations and in written correspondence from CNA Insurance Companies and Kraft Foods from approximately April 2000 up to the date of her termination of employment in January 2006.

8. Plaintiff contends she paid valuable consideration for her short and long-term disability benefits for the years of 1999, 2000, 2001, 2002, and 2003.

9. Plaintiff contends that Defendant delayed, stalled and mishandled her claims for short and long-term disability benefits.

10. Plaintiff contends Defendant wrongfully denied her appeals for short and long-term disability benefits.

11. Plaintiff contends the claims administrator/s made discretionary decisions that were unreasonable in delaying and denying her claims for short and long-term disability benefits.

12. Plaintiff contends Defendants claims administrator/s controverted the plain meaning of the Plan in making their decisions to delay and deny Plaintiff benefits.

13. Plaintiff contends there is a question whether Defendants correctly reviewed and considered Plaintiff's medical evidence provided to them in the delay and denial of short and long-term disability benefits.

14. Plaintiff requested and was denied arbitration regarding the delay and denial of her claim, until after she was told all decisions were final, and was then asked to submit to arbitration.

15. Defendants contest all material facts asserted in Plaintiff's First Amended Complaint.
16. Whether Plaintiff can prove the allegations and claim set forth in her First Amended Complaint.
17. Whether Plaintiff was eligible for short-term disability benefits after February 2003.
18. Whether Plaintiff was eligible for long-term disability benefits after June 2002.
19. Whether Plaintiff was disabled after October 2002.
20. Whether Plaintiff was unable to work because of a disability after October 2002.
21. Whether Plaintiff was eligible or applied for Social Security disability benefits after June 2002.
22. Defendants did not act in violation of the short or long term disability plans in denying Plaintiff's claims for benefits.
23. Whether Plaintiff will incur or would be entitled to attorneys' fees.
24. Whether Plaintiff has failed to take reasonable affirmative action to mitigate her damages.
25. Defendants advised Plaintiff of all eligibility requirements for short and long term disability benefits.
26. Plaintiff was not exempt from any eligibility requirements for short or long term disability benefits.
27. Whether Plaintiff can prove that Defendants are appropriate Defendants for her claim.

28. Whether Plaintiff can prove that any decision by Defendants to deny disability benefits was an abuse of discretion/arbitrary and capricious.

29. That Plaintiff is entitled to discovery.

30. After October 2002, Plaintiff failed to submit verification from a physician of her inability to work.

31. Plaintiff failed to exhaust her internal remedies for recovery of short and long-term disability benefits.

**V.** **<u>Legal Issues</u>**

    A. Uncontested:

        1. Jurisdiction

        2. Venue

    B. Contested:

        1. All legal issues raised in Plaintiff's First Amended Complaint for damages.

        2. All legal issues raised in Plaintiff's above-noted factual and legal contentions.

        3. All legal issues raised by Plaintiff's above-noted contested facts.

        4. Defendants are subject to California Insurance Code § 790.03(h).

        5. All legal issues raised in Defendant's affirmative defenses.

        6. All legal issues raised in Defendants' above-noted factual and legal contentions.

        7. All legal issues raised by Defendants' above-noted contested facts.

        8. Whether Plaintiff is entitled to any other legal relief based upon any other claim of unlawful conduct by Defendants, which claims

are not sufficiently clear based upon the pleadings to determine what other relief, if any, Plaintiff may be seeking.

9. Plaintiff did not incur a new disability in or about July 2003.
10. Plaintiff's 2003 claim for disability benefits did not fall under different guidelines than her claims for benefits between 1999 and 2003.
11. Defendants did not apply incorrect ERISA standards to Plaintiff's August 2003 claim for disability benefits.
12. Plaintiff failed to exhaust her administrative remedies.
13. Defendants' Claims Administrator and Plan Administrator did not abuse their discretion, or act arbitrarily or capriciously, in denying Plaintiff's claim for benefits.
14. Plaintiff is not entitled to attorneys' fees for her claim.
15. A heightened abuse of discretion standard of review is appropriate.

**Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. §636(c) the parties have all consented to conduct of any and all further proceedings in this case, including trial, before the Honorable Dennis L. Beck, U.S. Magistrate Judge. If one is not already on file, they shall file a written stipulation and consent within 15 days of this order.

**VI.    Discovery Plan and Cut-Off Date**

The parties are ordered to complete all discovery on or before July 31, 2008.

The parties are directed to disclose all expert witnesses, in writing, on or before August 1, 2008, and to disclose all supplemental experts on or before August 29, 2008. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts

in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

### VII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than September 3, 2008, and heard on or before September 26, 2008. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

### VIII. Pre-Trial Conference Date

October 17, 2008, at 1:30 p.m. in Courtroom 9 before Magistrate Judge Beck.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial

statement in Word Perfect X3[1] format, directly to Judge Beck's chambers by emailing it to DLBOrders@caed.uscourts.gov.

   Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**IX.** **Trial Date**

   December 1, 2008, at 9:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

  A. This is a court trial.

  B. Counsels' Estimate of Trial Time: 2 days.

  C. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**X.** **Settlement Conference**

   Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XI.** **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

   Not applicable at this time.

**XII.** **Related Matters Pending**

   There are no pending related matters.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

**XIII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 5, 2008**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE